IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

ERNEST F. FRANKLIN II.,

        Plaintiff,                Civil Action No.
                                         3:18-CV-0865 (BKS/DEP)

   v.

CHENANGO COUNTY PUBLIC
DEFENDER'S OFFICE, *et al.*,

        Defendants.
_____

APPEARANCES:                             OF COUNSEL:

FOR PLAINTIFF:

ERNEST F. FRANKLIN, II, *Pro se*
Chenango County Jail
279 Country Road 46
Norwich, NY 13815

FOR DEFENDANTS:

NONE

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## ORDER, REPORT, AND RECOMMENDATION

*Pro se* plaintiff Ernest F. Franklin, II, who is currently an inmate being held in a local county jail facility, has commenced this civil rights action, pursuant to 42 U.S.C. § 1983, against the office of a public

defender, three individuals who work in that office, and the Town of Norwich. In his complaint, plaintiff alleges that during the course of a criminal prosecution, he was ineffectively defended by the three individual defendants named in his complaint.

In addition to commencing this action, plaintiff has requested that (1) he be permitted to proceed *in forma pauperis* ("IFP"); (2) he be assigned counsel to represent him in the matter *pro bono*; and (3) this case be consolidated with two other actions brought by him and currently pending in this court. Plaintiff's complaint and accompanying requests have been forwarded to me for review. Based upon my consideration of those materials, I deny plaintiff's IFP application, deny his motions for consolidation and appointment of counsel, and recommend that his complaint in this action be dismissed, with leave to replead.

I. BACKGROUND

Plaintiff commenced this action on July 25, 2018. Dkt. No. 1. As defendants, plaintiff's complaint names (1) the Office of the Chenango County Public Defender; (2) John Cameron, the principal public defender for the County of Chenango; (3) Zack Wentworth, who is identified as a public defender for the County of Chenango; (4) Karri Beckwith, a secretary with the Office of the Chenango County Public Defender; and (5)

the Town of Norwich. *Id.* at 2. Plaintiff claims that prior to their "being fired" by him, defendants failed to provide him with effective representation during the course of a criminal matter pending against him in Chenango County Court, and that defendants were manipulated and intimidated by the assistant district attorney who is prosecuting the case. *Id.* at 3. Plaintiff's complaint requests the issuance of declaratory and injunctive relief, as well as an award of damages in the amount of $10 million. *Id.*

Plaintiff's complaint in the action was accompanied by a motion for leave to proceed IFP. Dkt. No. 2. After that application was deemed incomplete, the matter was administratively closed on July 25, 2018. Dkt. No. 3. The case was subsequently reopened, however, based upon plaintiff's submission of amended motions for leave to proceed IFP. Dkt. Nos. 4, 5, 6, 8. The amended IFP application does not include the required certification regarding plaintiff's inmate account, and instead indicates that plaintiff has been unable to obtain a signature from an authorized officer. Dkt. No. 4 at 2. In an effort to satisfy his obligation to establish entitlement to IFP status notwithstanding the lack of a proper certification, plaintiff has attached a printout reflecting the amount held in his prison account over the period from March 21, 2017 to August 8, 2018. Dkt. No. 8 at 4-8.

After commencing this action, plaintiff moved, on August 6, 2018, for

appointment of counsel. Dkt. No. 7. In that letter request, plaintiff indicates that the application was prompted by his frustration over the inability to obtain a signature from an authorized officer on his IFP application. *Id.*

On August 13, 2018, plaintiff submitted a request that this matter be consolidated with two other actions brought by him and pending in this court. Dkt. No. 9. That application similarly appears to have been motivated based upon the plaintiff's frustration over his inability to obtain a proper signature on his IFP applications. *Id.*

II. DISCUSSION

A. Plaintiff's IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[1]

The governing federal statute provides, in pertinent part, that an application for IFP status must be accompanied by "a certified copy of the

---

[1] The total cost for filing a civil action in this court is $400.00, consisting of the civil filing fee of $350.00, *see* 28 U.S.C. § 1914(a), and an administrative fee of $50.00. Although an inmate granted IFP status is not required to pay the $50.00 administrative fee, he is required to pay, over time, the full amount of the $350.00 filing fee regardless of the outcome of the action. *See* 28 U.S.C. § 1915(b)(3).

trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is confined." 28 U.S.C. § 1915(a)(2). In accordance with the local rules of practice for this court, a prisoner seeking IFP status in a civil action may satisfy this requirement by submitting a completed, signed, and certified IFP application.[2] N.D.N.Y. L.R. 5.4(b)(1)(A). Rule 5.4 of the court's local rules further provides that if the prisoner fails to fully comply with the above-described requirements after being informed by court order of what is required, "the Court shall dismiss the action." N.D.N.Y. L.R. 5.4(b)(2)(A).

Plaintiff's IFP application in this action is clearly incomplete, given the absence of a proper certification. Dkt Nos. 4, 8. For that reason, it must be denied. In light of plaintiff's allegation that he has attempted to secure a certified IFP application from prison officials, however, I will afford him another opportunity to submit a completed application. The clerk of the court will be respectfully directed to provide plaintiff an extra

---

[2] A "certified" IFP application is one in which the certificate portion at the bottom of the second page has been completed and signed by an appropriate official at the plaintiff's facility. The certificate portion of the IFP application requests information regarding funds and/or securities held on account to the inmate's credit over the preceding six months.

copy of this order, report, and recommendation for his use in requesting that the certification section of his IFP application be completed, signed, and returned to him by an appropriate official at his jail facility.

    B.    <u>Sufficiency of Plaintiff's Complaint</u>

        1.    <u>Standard of Review</u>

Although I am denying plaintiff's IFP application, in the interest of judicial efficiency and because I anticipate that plaintiff may submit a completed IFP request, I have proceeded to analyze the substance of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e).

Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, 28 U.S.C. § 1915A(b) directs a court to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from

a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) ("[W]e have found both sections [1915 and 1915A] applicable to prisoner proceedings *in forma pauperis*.").

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-

0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

  2. <u>Analysis</u>

    a. <u>Defendants Cameron, Wentworth, and Beckwith</u>

Plaintiff's complaint names three individuals as defendants, including John Cameron, the Chenango County Public Defender; Assistant Chenango County Public Defender Zack Wentworth; and Karri Beckwith, a Secretary with the Office of the Chenango County Public Defender. The claims against those individuals are brought pursuant to 42 U.S.C. § 1983.

Section 1983 "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)). It "'is not itself a source of substantive rights[,] . . . but merely provides 'a method for vindicating federal rights elsewhere conferred[.]'" *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). In order to state a claim pursuant to section 1983, a plaintiff must allege "(1) 'that some person has deprived him of a federal right,' and (2) 'that the person who has deprived him of that right acted under color of state . . . law.'" *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)); *accord, Byng v. Delta Recovery Servs. LLC*, 568 F. App'x 65, 65-66 (2d Cir. 2014).

State action is an essential element of any section 1983 claim. *Gentile v. Republic Tobacco Co.*, No. 95-CV-1500, 1995 WL 743719, at *2 (N.D.N.Y. Dec. 6, 1995) (Pooler, J.) (citing *Velaire v. City of Schenectady*, 862 F. Supp. 774, 776 (N.D.N.Y. 1994) (McAvoy, J.)). To survive scrutiny under section 1915(e) where a plaintiff has asserted a section 1983 claim, the complaint must allege facts that plausibly suggest state action on the

part of the named defendants. *See DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306, 311 (2d Cir. 1975), *modified on other grounds by* 520 F.2d 409 (2d Cir. 1975), ("A private party violates [section] 1983 only to the extent its conduct involves state action."); *see also Wilson v. King*, No. 08-CV-0509, 2008 WL 2096593, at *1 (N.D.N.Y. May 16, 2008) (Sharpe, J.).

The three defendants in this action are individuals who performed a non-governmental function in representing the plaintiff in connection with his criminal prosecution. In that capacity, while their office may be publicly funded, they were conducting themselves as private actors. It is well-established that "public defenders or court-appointed defense attorneys do not act under color of law." *Housand v. Heiman*, 594 F.2d 923, 924-25 (2d Cir. 1979) (internal quotation marks omitted); *accord, Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Accordingly, plaintiff's claims against the three individual defendants are subject to dismissal for lack of state action.

    b. <u>Office of the Chenango County Public Defender</u>

Nominally identified as a defendant in this case is the Office of the Chenango County Public Defender. The Office of the Chenango County

Public Defender, as distinct from the Public Defender as an individual, is not a person amenable to suit under section 1983. *Fahey v. Pub. Defender's Off. of Erie Cnty. Pennsylvania*, Civil Action No. 14-295, 2015 WL 163548, at *3 (W.D. Pa. Jan. 13, 2015); *see also Newell v. Montgomery Cty. Pub. Defender's Off.*, No. Civ. A. 3 09 0440, 2009 WL 1392838, at *2 (M.D. Tenn. May 18, 2009). Accordingly, I recommend that the Office of the Chenango County Public Defender be dismissed as a defendant in this case.

### c. Town of Norwich

Also named as a defendant in this action is the Town of Norwich. Plaintiff's complaint, however, is devoid of any allegations of facts that would support liability on the part of the Town of Norwich. Accordingly, I recommend that plaintiffs' claims against that defendant be dismissed as well.

### C. Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so

requires."); *see also Mathon v. Marine Midland Bank, N.A.*, 875 F. Supp. 986, 1003 (E.D.N.Y. 1995) (permitting leave to replead where court could not "determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this case, although seemingly implausible, plaintiff could potentially amend his complaint to assert cognizable causes of action against defendants who are amenable to suit. Accordingly, I recommend that he be granted leave to amend his complaint.

If plaintiff chooses to file an amended complaint, he must clearly and

concisely set forth the facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, plaintiff is informed that any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (internal quotation marks omitted)).

    D.    <u>Request for Appointment of Counsel</u>

As was previously noted, accompanying plaintiff's complaint in this action is a request for the assignment of counsel to represent him in this action *pro bono.* Dkt. No. 7.

The statute that governs IFP proceedings provides, in relevant part, that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986). That section, however, does not require that counsel be appointed for every indigent civil litigant. Although the United States Constitution assures that indigent litigants have "meaningful

access" to the courts, it does not guarantee that all such parties will receive the benefit of *pro bono* representation. *Hodge,* 802 F.2d at 60. Instead, section 1915(e) confers broad discretion on the courts to appoint counsel to deserving indigent litigants in appropriate circumstances. *Id.* at 60-62.

While the appointment of counsel to represent indigent parties in civil suits is authorized by statute, when that authority is exercised, the court is required to call upon attorneys to donate their time *pro bono*, to the benefit of indigent litigants and the court. In deference to the limited resources available to the court to serve the interests of the many indigent litigants who pursue claims before them, and recognizing the "thankless burden" associated with such assignments, *Miller v. Pleasure*, 296 F.2d 283, 285 (2d Cir. 1961), courts should not grant such applications indiscriminately, but instead must exercise sound judgment and restraint in doing so. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).

There is no bright line test to be applied when a *pro se*, indigent civil litigant seeks appointment of counsel. *Hendrix v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). The factors informing the decision of whether to exercise discretion in favor of appointing counsel were summarized by the Second Circuit in its decision in *Hodge*:

> In deciding whether to appoint counsel . . . , the district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets the threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the factfinder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge*, 802 F.3d at 61-62. In weighing these factors, each case must be decided on its own merits. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, J.) (citing *Hodge*, 802 F.2d at 61). Of these criteria, the Second Circuit has "stressed the importance of the apparent merits of the indigent's claims." *Cooper*, 877 F.2d at 172. While a plaintiff need not demonstrate that he can win his case without the aid of counsel, he does have to show "likely merit." *McDowell v. State of N.Y.*, No. 91-CV-2440, 1991 WL 177271, at *1 (S.D.N.Y. 1991).

This action was only recently commenced and, as was discussed above, I am recommending that the court dismiss plaintiff's complaint as failing to survive threshold review under 28 U.S.C. § 1915(e). This is a clear indication that the matter is not likely of substance. For that reason, plaintiff's request for the appointment of counsel is likewise denied, without prejudice to renewal in the event the action proceeds.

### E. Consolidation

Plaintiff has moved to consolidate three cases pending in this district, including *Franklin v. Chenango Cnty. Sheriff's Office*, No. 9:18-CV-0794 (N.D.N.Y., filed 2018) and *Franklin v. Chenango Cnty. Sheriff's Office*, No. 9:18-CV-0896 (N.D.N.Y., filed 2018).[3] The three matters are assigned to different district judges and different magistrate judges. Plaintiff's complaint in Civil Action 9:18-CV-0794 alleges that defendants failed to provide plaintiff with proper medical treatment, and additionally complains concerning the conditions of his confinement, asserting that by their actions, defendants have violated the Eighth Amendment's prohibition against cruel and unusual punishment. *See* Civil Action No. 9:18-CV-0794, Dkt. No. 1. In Civil Action No. 9:18-CV-0896, plaintiff complains of mistreatment by officers employed at the Chenango County Correctional Facility. *See* Civil Action No. 9:18-CV-0896, Dkt. No. 1.

Rule 42 of the Federal Rules of Civil Procedure, which governs consolidation, provides as follows:

> (a) CONSOLIDATION. If actions before the court
> involve a common question of law or fact, the court
> may:
>    (1) join for hearing or trial any or all matters at
> issue in the actions;

---

[3] Although plaintiff's motion to consolidate pertains to only three case, I note that he currently has seven actions pending in this court.

> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). In this case, a review of plaintiff's complaints in the three actions at issue fails to reveal any common questions of law or fact. Moreover, the court does not discern any efficiency or economy to be gained by consolidating plaintiff's three actions. Accordingly, plaintiff's request for consolidation is denied.

III. <u>SUMMARY, ORDER, AND RECCOMENDATION</u>

Plaintiff's amended IFP application is incomplete and, accordingly, is denied. Plaintiff's motions for appointment of counsel and consolidation are also denied, without prejudice to renewal of plaintiff's application for appointment of counsel at a later date.

Turning to the merits of plaintiff's complaint, I conclude that it fails to state a cognizable cause of action against any of the defendants in this action. Accordingly, I recommend that it be dismissed.

Based upon the foregoing it is hereby

ORDERED that plaintiff's application for leave to proceed in this action *in forma pauperis* (Dkt. No. 4, 8) is DENIED, and the clerk is respectfully directed to provide plaintiff with an extra copy of this order, report, and recommendation for his use in requesting that the certification

section of any future IFP application be completed, signed, and returned to him by an appropriate official at his jail facility; and it is further

ORDERED, that plaintiff's motion for appointment of counsel in the action (Dkt. No. 7) is DENIED, without prejudice to renewal; and it is further

ORDERED, that plaintiff's motion for consolidation of this action and two other cases pending in this district (Dkt. No. 9) is DENIED; and it is further hereby respectfully

RECOMMENDED that plaintiff's claims against all five named defendants be DISMISSED, with leave to replead.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[4] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

---

[4] If you are proceeding *pro se* and are served with this order, report, and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order, report and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

_____
David E. Peebles
U.S. Magistrate Judge

Dated:	September 7, 2018
	Syracuse, New York